IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30001-DWD |
| ) | |
| KENDRICK A. FRAZIER, ) | |
| KENWYN L. FRAZIER, and ) | |
| JASMINE M. CRAWFORD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On January 5, 2021, a grand jury sitting in the Southern District of Illinois returned a two-count indictment against Defendants Kendrick A. Frazier, Kenwyn L. Frazier, and Jasmine M. Crawford. (Doc. 37). The indictment charges Kendrick Frazier and Kenwyn Frazier with kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 1) and Jasmine Crawford with obstruction of justice in violation of 18 U.S.C. § 1512(c)(1) (Count 2). By motion dated February 3, 2021, Defendants jointly request that the Court make a complex case finding and continue jury trial in this action to a date beyond the limits set by the Speedy Trial Act, 18 U.S.C. § 3161.

This case involves an alleged kidnapping that Defendants believe is being investigated as a possible homicide. As a result, Defendants believe that there could be additional charges brought against Kendrick Frazier and Kenwyn Frazier, including charges that could include the death penalty-eligible offenses. Defendants argue that, even taking into account the exercise of due diligence, the nature of the case and the sheer

volume of expected discovery, it would be unreasonable to expect defense counsel to have time to adequately prepare for pretrial proceedings and for trial within the usual time limits established by the Speedy Trial Act.

Under most circumstances, the Speedy Trial Act requires that trials commence "within seventy days from … the date the defendant has appeared before a judicial officer of the court in which [a] charge is pending." 18 U.S.C. § 3161(c)(1). The seventy-day period can be tolled for a variety of reasons, including where the Court finds that the ends of justice so require because a case is so unusual or so complex that adequate preparation cannot reasonably occur within the established time limits. *See* 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

Based on Defendants' representations, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court **FINDS** that this case is so unusual or so complex due to the nature of the prosecution that it would be unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself to occur within the time limits established by 18 U.S.C. § 3161. Even if this case were not so complex, the Court **FINDS** that the failure to grant Defendants' requested continuance, taking into account the exercise of due diligence, would deny defense counsel the reasonable time necessary for effective preparation as contemplated by § 3161(h)(7)(B)(iv). The Court further **FINDS** the ends of justice served by allowing additional time to conduct pretrial proceedings and to prepare for trial outweigh the best interest of the public and the defendants in a speedy trial.

For all these reasons, the Court **GRANTS** Defendants' motion for complex case finding and to continue trial beyond the limits of the Speedy Trial Act (Doc. 74). The

pretrial motion deadlines and jury trial dates are **VACATED** and will be **CONTINUED**. The period of delay resulting from this continuance shall be excluded for purposes of the Speedy Trial Act. The Court **SETS** a counsel-only status conference for February 19, 2021, at 11:30 a.m via Zoom video conference. Counsel for the parties shall be prepared to discuss pretrial deadlines and a new trial date.

**SO ORDERED.**

Dated: February 8, 2021

_____
DAVID W. DUGAN
United States District Judge