IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30001-DWD |
| ) | |
| KENDRICK FRAZIER, and ) | |
| KENWYN FRAZIER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on identical motions (Docs. 133, 134) for reconsideration of the decision to disqualify Attorney Beau Brindley from representing Kenwyn Frazier and Kendrick Frazier jointly in this action. The motions are filed by Attorney Beau Brindley, apparently on behalf of Kendrick Frazier and Kenwyn Frazier. Attorney Brindley is no longer counsel of record. His appearance has been stricken. He has not reentered his appearance, and his motion is not properly before the Court. Nonetheless, the Court will address the motions and the status of this action briefly.

It is not clear that Defendants themselves are driving the cause for reconsideration as opposed to counsel acting on his own. It does not appear that counsel has spoken to either Defendant about the pending request for reconsideration. Meanwhile, this case has proceeded without Mr. Brindley's involvement. Kenwyn Frazier requested and received a new CJA Panel Attorney to represent him, and the record suggests that Kendrick Frazier has no major issues with his current counsel. The parties are working diligently to bring

this matter to trial quickly, and in short order the Court will set a hearing on pretrial motions, including a motion to dismiss for lack of jurisdiction.

The Federal Rules of Criminal Procedure do not expressly recognize motions to reconsider, but the United States Supreme Court has held that such motions "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)(citing *United States v. Healy*, 376 U.S. 75, 77 (1964)). A motion to reconsider may not be used to re-raise arguments that have been rejected by the Court previously. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

The Seventh Circuit requires that a party filing a motion to reconsider must do so "within the time available for appeal." *Rollins*, 607 F.3d at 504. Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a party has fourteen days from the date of the order appealed in which to file a notice of appeal. Accordingly, counsel had 14 days from the entry of the disqualification order to seek reconsideration. The Court entered the order disqualifying counsel on April 20, 2021, and counsel filed his motions to reconsider on May 19, 2021, well outside the 14-day window for doing so. As such the motions are untimely.

Further, Attorney Brindley has never presented the Court with written waivers of any conflict of interest despite being directed to do by March 16, 2021. To the extent that

counsel takes issue with the order and perceived lack of depth of the Court's colloquy with Defendants, he ignores his own role in failing to abide by this Court's orders. While oral waivers may suffice, counsel agreed to provide written waivers, and the failure to do so has not gone unnoticed.

The Court has reviewed the transcript of the hearing and is convinced that the record as a whole supports the firm conclusion that Attorney Brindley cannot represent both Kendrick Frazier and Kenwyn Frazier jointly to a degree that is constitutionally acceptable. The conflicts were thoroughly discussed with Defendants on the record in open court, and this case presents unwaivable conflicts as explained at the hearing and in the Court's written order. The Court need not rehash all these reasons again, and the motions to reconsider are **DENIED** as untimely and improperly filed by an attorney without an entry of appearance on file.

**SO ORDERED.**

Dated: June 10, 2021

DAVID W. DUGAN
United States District Judge