IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30001-DWD |
| ) | |
| KENDRICK FRAZIER, ) | |
| KENWYN FRAZIER, and ) | |
| JASMINE CRAWFORD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Defendants Kendrick Frazier and Kenwyn Frazier are charged with kidnapping in violation of 18 U.S.C. § 1201(a)(1). Defendant Jasmine Crawford is charged with obstructing of justice in relation to the alleged kidnapping. Now before the Court are motions to dismiss filed by Kendrick Frazier (Doc. 137) and Kenwyn Frazier (Doc. 211), as well as a motion to join the motion to dismiss filed by Jasmine Crawford (Doc. 184).[1] Defendants argue that the federal kidnapping statute is unconstitutional both on its face and as applied to Defendants' actions, and they ask that the Court dismiss all charges pending in this action. The Court heard oral argument on Kendrick Frazier's motion on October 20, 2021. After argument was heard, Kenwyn Frazier filed his substantially

---

[1] Defendant Crawford seeks to join Kendrick Frazier's motion to dismiss, suggesting that if the Court holds the kidnapping statute unconstitutional then there is no basis for allowing the obstruction of justice card to proceed. As such, this Order will focus on the arguments raised by Kendrick Frazier and Kenwyn Frazier, rather than on the obstruction of justice charge.

similar motion, and the Court finds that it may be decided without further argument. For the reasons delineated below, Defendants' motions are denied.

## BACKGROUND

Kendrick Frazier and Kenwyn Frazier are charged with kidnapping in violation of 18 U.S.C. § 1201(a)(1), which provides:

> (a)   Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when –
>
> > (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce *or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;*
> >
> > . . .
> >
> > shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a)(1)(emphasis added). The indictment alleges that Kendrick Frazier, with Kenwyn Frazier, "did unlawfully and willfully seize, confine, kidnap, and carry away K.E., and otherwise hold K.E. for their own benefit and purpose, and used or caused to be used a means, facility, and instrumentality of interstate commerce, being a Dodge Durango motor vehicle, in committing and in furtherance of the commission of the offense …" of kidnapping. (Doc. 37).[2] The parties agree that all alleged use of the Dodge

---

[2] On December 14, 2021, the grand jury returned a superseding indictment, which added "cellular telephones" as an instrumentality of interstate commerce in addition to the Dodge Durango. This addition does not alter the Court's analysis as to whether the Dodge Durango is an instrumentality of interstate commerce.

Durango during the commission of the alleged kidnapping was intrastate, and there is no allegation that K.E. was taken across state lines in the Durango. (*See also*, Bill of Particulars, Doc. 224).

Before 2006, the federal kidnapping statute prohibiting transporting or causing to be transported in interstate commerce any person who had been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away. In 2006, however, Congress passed the Adam Walsh Child Protection and Safety Act, which amended the kidnapping act to include, for purposes of this action, intrastate kidnappings where an offender "uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense" 18 U.S.C. § 1201(a)(1). Kendrick Frazier asks this Court to find that the 2006 amendment's addition of this Commerce Clause-based jurisdictional hook unconstitutional.

Pursuant to the Constitution's Commerce Clause, Congress has the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST., art. 1, § 8, cl. 3. It is well-settled that, through the Commerce Clause, Congress may "regulate and protect the instrumentalities of interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). This includes regulating instrumentalities of interstate commerce "even though the threat may come only from intrastate activities." *Id.* at 558. Noting this, the Seventh Circuit has explained, "when Congress elects to regulate under … *Lopez*, 'federal jurisdiction is supplied by the nature of the instrumentality or facility used, not by separate proof of interstate movement.'" *United States v. Mandel*, 647 F.3d 710, 722 (7th Cir. 2011)(quoting *United States v. Richeson*,

338 F.3d 653, 660-61 (7th Cir. 2003)(quoting *United States v. Marek*, 283 F.3d 310, 317 (5th Cir. 2001))).

In *Mandel*, the Seventh Circuit evaluated the constitutionality of the federal murder-for-hire statute. The murder-for-hire statute prohibits "us[ing] or caus[ing] another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed … ." 18 U.S.C. § 1958(a). The Seventh Circuit found that a car is a facility of interstate commerce even when used solely in an intrastate manner and that the defendant's intrastate use of his own car during the commission of the crime was sufficient to establish federal jurisdiction. *Mandel*, 647 F.3d at 722 (7th Cir. 2011)(citing *Lopez*, 514 U.S. at 558 and *Richeson*, 338 F.3d at 660-61).

When the federal kidnapping statute is read alongside the federal murder-for-hire statute and the *Mandel* decision, the Court is convinced that the federal kidnapping statute is constitutional both on its face and as applied. Extending kidnapping crimes to include conduct involving the use of any means, facility, or instrumentality of interstate commerce does not exceed the scope of Congress's authority to regulate commerce, as addressed in *Lopez*. And, as the Seventh Circuit explained in *Mandel*, Congress can regulate and prohibit acts based on solely intrastate usage of a facility of interstate commerce, like an automobile.

District courts considering the constitutionality of the federal kidnapping statute have concluded that the statute is constitutional on its face and as applied to kidnappings involving intrastate usage of an instrumentality of interstate commerce. *See, e.g.*, *United States v. Protho*, 2021 WL 1020999 (N.D. Ill. Mar. 17, 2021)(collecting cases finding the

statute constitutional on its face, noting the lack of caselaw holding otherwise, and denying as-applied challenge based on intrastate vehicle usage); *see also United State v. Davis*, 2019 WL 447249 (N.D. Ill. Feb. 5, 2019)(denying facial challenge, while noting rejection by the Second and Tenth Circuits, as well as district courts throughout the United States). The Court is persuaded by the caselaw that the federal kidnapping statute is constitutional both on its face and as applied to the allegations against Defendants Kendrick Frazier and Kenwyn Frazier. As such, the Court finds that solely intrastate usage of a motor vehicle, which is an instrumentality of interstate commerce, provides for federal jurisdiction in a constitutionally sound manner.

## CONCLUSION

For the above-stated reasons, Defendant Jasmine Crawford's motion to join the motion to dismiss (Doc. 184) is **GRANTED**. The motions to dismiss (Docs. 137, 211) are **DENIED**.

**SO ORDERED.**

Dated: December 23, 2021

---

DAVID W. DUGAN
United States District Judge