IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30001-DWD-01 |
| ) | |
| KENDRICK FRAZIER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on a motion to substitute as counsel filed by Attorney Vadim Glozman on behalf of Defendant Kendrick Frazier. This is the third time the Court has been asked to consider whether private, retained counsel of choice for Kendrick Frazier or Kenwyn Frazier has a conflict of interest that undermines Defendants' constitutional right to effective counsel. The first motion to substitute the Court considered saw Attorney Beau Brindley and Attorney Michael Thompson seek to represent Kendrick Frazier and his brother, Kenwyn Frazier, jointly. When faced with that question, the Court found that it was highly likely that a number of potential conflicts of interest would manifest into actual conflicts of interest as this case progresses such that joint representation is not constitutionally permissible. (*See* Doc. 129).

In September 2021, Attorney Brindley sought to enter as counsel solely for Kenwyn Frazier. The Court denied the motion to substitute, finding that the lack of a waiver from Kendrick Frazier required denial of Attorney Brindley's motion. The Court

further found that Attorney Brindley failed to rebut the presumption that he shared confidences with Kendrick Frazier during the months in which he sought to represent him, and the Court noted the weak evidentiary record offered by counsel to assure the Court that the representation was appropriate. (*See* Doc. 189). Now, Attorney Glozman, who shares office space with Attorney Brindley, seeks to enter as counsel for Kendrick Frazier.

At a December 6, 2021 motion hearing, the Court offered Attorney Glozman the opportunity to present any evidence or argument to assure the Court that his representation could and would be separated and screened away from Attorney Brindley despite their office-sharing arrangement. According to Attorney Glozman, he has collaborated on cases with Attorney Brindley in the past, and he was contacted by Mr. Brindley and by Defendant's sister about appearing in this case. Attorney Brindley agreed to forward Mr. Frazier's retainer balance to Attorney Glozman, but the two did not discuss any plans to establish mechanisms to prevent the flow of confidences from Mr. Brindley to Mr. Glozman. The Court inquired about the office-sharing arrangement, and Attorney Glozman explained that he does not employ an administrative assistant and that Mr. Brindley's assistant steps in to assist him when necessary. Mr. Brindley rents the shared office space to Mr. Glozman. It does not appear that Counsel have a formal legal relationship such as that found between law partners or members of a professional corporation.

There is a rebuttable presumption that the former attorney received confidential information during the course of representation of the client. "A very strict standard of

proof must be applied to the rebuttal of this presumption and any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification." *LaSalle National Bank v County of Lake*, 703 F.2nd 252, 257. (7th Cir. 1983) Furthermore, information possessed by one attorney in a law firm is presumed to be shared with the other attorneys of the firm. *Id.* This presumption may be rebutted "[i]f the attorney can clearly and persuasively show that he was not privy to the confidences and secrets of the [former] client." *Id.* In addressing the question a court may consider a number of factors, including *inter alia*, the size of the attorney's firm and areas of specialization of the attorneys. *Id.*

Attorney Glozman recognized during the hearing on his motion that if he and Mr. Brindley were law partners or members of the same professional corporation conflicts of one would disqualify the other. Of course, Attorneys Glozman and Brindley are not members of the same law firm. However, it is not the nature of their legal association that is dispositive of the question of whether there is the need for an adequate barrier to be in place to prevent sharing of confidences. Indeed, the fact that their legal entities are disjoined does not necessarily suggest that their day-to-day operation, office space, and office staff can be readily differentiated such that the flow of confidences are prevented. Moreover, the presumption that information shared with one member of a law firm is shared with others of the law firm is not dependent upon a notion of corporate structuring. Certainly, a firm with hundreds of attorneys working at multiple offices around the world might well present evidence that have siloed the "infected" attorney by geography or area of legal discipline and practice and thereby effectively rebut the

presumption. But even where there is no partnership or corporate relationship between the "conflicted" attorney and the attorney seeking to be substituted as counsel, the existence of a less formal but close association between them carried out in the confines of a small office may still require that he rebut the presumption that the conflict of one is the conflict of the other.

Here, Mr. Glozman is the office tenant of Mr. Brindley and they operate in a small legal office with the same suite address where they evidently share a close working relationship. They sometimes share staff and cases. They share the same legal specialty and hold themselves out as criminal defense attorneys. Clearly the relationship between them is at least as close as one expects among partners and shareholders. As such, it was incumbent upon Mr. Glozman to come forward with clear evidence of an effective screen or barrier to the flow of information from Mr. Brinkley. Mr. Glozman conceded during the motion hearing that no screening procedure or other barrier has been put in place to contain Attorney Brindley's conflict or to ensure that their intimate relationship will not foster or allow a passing of confidences that Mr. Brindley is presumed to maintain. Perhaps, no such adequate procedure or barrier exists given the circumstances here. Nevertheless, Mr. Glozman offers only that he and Mr. Brindley have had some non-descript conversations about this case. Thus, he has failed to meet the burden of his motion.

The Court again reminds each Defendant that they have a right to choose at his expense any attorney he believes is best suited to defend him and protect his interests. The only condition attached is that the chosen attorney be conflict-free. Unless there is

good cause to believe that there will be no conflict of interest, the Court is obligated "to take appropriate measures to protect each defendant's right to counsel." Fed. R. Crim. P. 44. This Court has already determined that there is a likelihood that actual conflicts will arise at trial if Mr. Brinkley were to represent the defendants. Even assuming that the conflicts here are waivable, they have not been effectively waived to date. The Court believes that its obligation to the defendants regarding right to counsel is fulfilled by the inquiries it made of Mr. Glozman and the findings made herein. The Court also believes that the appropriate measure to take to protect each defendant's right to effective counsel is to deny Mr. Glozman's motion.

Accordingly, for all these reasons and for those stated on the record, the Court finds that Attorney Glozman's motion to substitute (Doc. 197) must be **DENIED**.

**SO ORDERED.**

Dated: December 24, 2021

_____
DAVID W. DUGAN
United States District Judge