IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO. 21-CR-30001-DWD |
| ) | |
| KENDRICK A. FRAZIER, ) | |
| ) | |
| DEFENDANT. ) | |

**ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Defendant Kendrick Frazier's motion seeking clarification as to how to proceed in the filing of a motion to dismiss the indictment because he seeks to include reference to grand jury materials in support of such motion (Doc. 273). The grand jury transcripts are subject to a Protective Order which precludes the defense from copying or disseminating the contents of the transcripts to anyone, including any of the defendants, to protect the safety of witnesses (Doc. 174). As directed by the Court, the Government has filed a response (Doc. 275) setting forth a proposal for proceeding. The Court finds that the Government's proposal serves the dual purpose of protecting Frazier's appellate rights and protecting the safety of witnesses. Accordingly, the Court **ORDERS** as follows:

1. Frazier's motion to dismiss the indictment shall be filed under seal.

2. Any reference to a witness within the substance of the motion shall not identify the person by name. Rather, Frazier shall use neutral identifiers such as "Individual A" or "Individual B."

3. Defense counsel shall submit to the Court for in camera review any grand jury transcripts referenced in the motion, rather than attaching the transcripts as exhibits to the motion.

The Court further notes that the Government indicates it agrees to supplement the record to include the grand jury transcripts at the time of appeal, if necessary. This would allow the Government the opportunity to advocate for continued sealing of the motion and accompanying exhibits at the Circuit Court level throughout the pendency of the direct appeal.

**SO ORDERED.**

Dated: April 25, 2022

DAVID W. DUGAN
United States District Judge