IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cr-30001-DWD |
| | ) | |
| KENDRICK A. FRAZIER, | ) | |
| KENWYN L. FRAZIER, and | ) | |
| JASMINE M. CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the Government's Motion *in Limine* to Introduce Evidence in Response to Defenses Asserted ("Motion") (Doc. 330). Defendants, Kendrick Frazier and Kenwyn Frazier, filed a Joint Response in Opposition to the Motion (Doc. 332). Accordingly, the matter is now ripe for a resolution by the Court. For the reasons explained below, the Motion is **GRANTED in part** and **DENIED in part**.

I.  Applicable Legal Standards

*A.   Limine Rulings*

The Federal Rules of Evidence do not explicitly authorize *in limine* rulings, but the practice of using such rulings has developed under the district court's inherent authority to manage trials. *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). *Accord Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (motions *in limine* aid the trial process by "enabling the Court to rule

1

in advance of trial on the relevance of certain forecasted evidence … without lengthy argument at, or interruption of, the trial"). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury" because it is "inadmissible for any purpose." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *See id.*

Motion *in limine* rulings are made before the Court has heard all of the evidence or seen the trial develop. As such, these rulings are preliminary and may be revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce*, 469 U.S. at 41 ("[A] ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

B. *Admissibility Generally*

"All evidentiary questions begin with Rule 402, which contains the general principle that '[r]elevant evidence is admissible' and [i]rrelevant evidence is not.'" *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) (*en banc*). Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. FED. R. EVID. 401. Under Federal Rule of Evidence 403, the Court has the authority to exclude relevant evidence if its "probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## II. Background

Defendants are charged with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). The Superseding Indictment, as modified by the Court in connection with Kendrick Frazier's earlier filed motion to strike surplusage from the indictment (Docs. 279 & 283), alleges as follows:

> On or about August 13, 2020, in St. Clair county, within the Southern District of Illinois, KENDRICK A. FRAZIER and KENWYN L. FRAZIER, defendants herein did unlawfully and willfully seize, confine, kidnap and carry away K.E., and otherwise hold K.E., and used and caused to be used a means, facility, and instrumentality of interstate commerce, namely, being a Dodge Durango motor vehicle and cellular telephones, in committing and in furtherance of the commission of the offense.

(Docs. 226 & 283).[1]

Under the Federal Kidnapping Act, the Government must prove that: (1) the defendant knowingly and acting contrary to law, kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away any person; (2) held the person for ransom, reward, "or otherwise" (to include any purpose or benefit); and (3) (i) the person was willfully transported in interstate or foreign commerce, (ii) the offender traveled in interstate or foreign commerce, or (iii) the offender used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense. 18 U.S.C. § 1201; *Gooch v. U.S.*, 297 U.S. 124, 128 (1936). *See also United States v. Jones*, 808 F.2d 561, 565-67 (7th Cir. 1986) ("The elements of kidnapping

---

[1] On June 16, 2022, the Court granted Kendrick Frazier's motion to strike surplusage from the indictment. The language included in the indictment regarding the purpose of the alleged kidnapping ("for their own benefit and purpose") was ordered stricken. (Doc. 283, p. 21).

3

are: a knowing and willful transport, in interstate commerce, of an unconsenting individual for any purpose.").

### III.  Discussion

*Defense of Victim Consent or Insufficient Evidence of Kidnapping*

In the Motion, the Government initially notes that it accepts the Court's prior motion *in limine* ruling (Doc. 324) on evidence or argument pertaining to Eastman not having been seen or heard from since the alleged kidnapping. (Doc. 330, pg. 1). However, the Government submits that this evidence will become highly relevant and probative to the facts at issue in the case if Defendants directly assert or imply at trial that Eastman voluntarily accompanied Kenwyn Frazier from Eastman's grandmother's house, was not sufficiently held against his will to prove a kidnapping, or otherwise consented to the events that occurred on the evening of August 13, 2020. (Doc. 330, pg. 2). The Government states Defendant Kendrick Frazier's proposed jury instructions, submitted on October 28, 2022, indicate Defendants might raise these and related arguments. (Doc. 330, pg. 2). The Government reasons that the evidence becomes highly relevant and probative in response to such arguments because it indicates whether Eastman, who apparently is not available to testify, was held against his will or consented, how long Eastman was held against his will, and the purpose of holding Eastman against his will. (Doc. 330, pg. 3).[2]

---

[2]The Government suggests it "can prove beyond a reasonable doubt that Kendrick Frazier shot Kein Eastman in the head after breaking down the bathroom door and pulling him down the stairs and out of the apartment." (Doc. 330, pg. 3). This is because the "acts were recorded on a Ring Doorbell video (and are corroborated by witness testimony)." (Doc. 330, pg. 3). Witnesses will testify that, after Eastman was shot, he was bleeding from his head as he ran from the area and that Defendants immediately entered the Dodge Durango to drive after Eastman. (Doc. 330, pg. 3). Further, the Government states it can prove that "two hours later that same Dodge Durango was set on fire in the south end of East St. Louis and had been

4

In response, Defendants argue the Government "feign[s] surprise" at their anticipated defense to the kidnapping charge. (Doc. 332, pg. 1). In Defendants' view, "absolutely nothing" has changed since the Court's prior motion *in limine* ruling (Doc. 324) on the evidence presently at issue. (Doc. 332, pg. 1). In other words, evidence or argument pertaining to Eastman not having been seen or heard from since the alleged kidnapping remains irrelevant to the charge of kidnapping and manifestly prejudicial. (Doc. 332, pgs. 2-3). Further, Defendants submit that Defendant Kendrick Frazier's proposed jury instructions, which were "based on well-accepted pattern instructions and case law," elaborated on the essential contested elements and did not raise any new or unexpected affirmative defense for the Government to rebut. (Doc. 332, pgs. 2, 4). Defendants also note that it has always been the Government's burden to prove those essential contested elements. (Doc. 332, pg. 3). For these reasons, Defendants request that the Court deny the Motion and adhere to its prior *in limine* ruling on the issue. (Doc. 324).

Here, the Court finds the arguments of Defendants persuasive. Nothing has changed since the Court's prior ruling *in limine* (Doc. 324). Contrary to the Government's arguments in the Motion, the evidence at issue still has "nothing to do with" and is only "tangentially related to" the kidnapping elements. *See Nelson*, 958 F.3d at 671; *United States v. Conner*, 583 F.3d 1011, 1021 (7th Cir. 2009); *see also United States v. Westbrook*, 125 F.3d 996, 1007 (7th Cir. 1997); Advisory Committee Notes on FED. R. EVID. 401); (Doc. 324,

---

falsely reported stolen by an associate of Kendrick and Kenwyn Frazier, Edward Molton, who had rented the Durango for Kenwyn Frazier less than a week earlier." (Doc. 330, pg. 4). The Court notes that this particular evidence has not been the subject of a motion *in limine*. Accordingly, this Memorandum & Order shall not be read to preclude the introduction of such evidence at trial.

pgs. 6-7). By raising its arguments, it appears the Government is asserting variations of its prior argument under Rule 401, namely, that the evidence at issue is probative because it completes the picture of the alleged offense and explains why Eastman is not testifying at trial. (Doc. 324, pgs. 5-6). As previously explained, though, the Seventh Circuit has "expressed concerns" about such an argument. *See United States v. Lowe,* 2 F.4th 652, 656 (7th Cir. 2021); *United States v. Nelson*, 958 F.3d 667, 670-671 (7th Cir. 2020). *See also United States v. Gomez*, 763 F.3d 845 (7th Cir. 2014); (Doc. 324, pg. 6). In light of its prior rulings and absent changed circumstances, the Court declines to open a "back door" through which the Government may bring the evidence.

Further, the Court again recognizes that Eastman's current whereabouts, whether alive or dead, are unknown. (Doc. 324, pg. 10). Likewise, it is not known whether his absence is voluntary or involuntary, or the fault of Defendants. (Doc. 324, pg. 10). Therefore, the evidence at issue is manifestly prejudicial because it would allow a cloud of speculation and conjecture to form over Eastman's absence at trial. (Doc. 324, pg. 10).

For these reasons, which are more specifically discussed in the prior ruling *in limine* (Doc. 324), the Court **DENIES** the Motion. The Government remains barred from presenting, introducing, or eliciting evidence or argument in the presence of the jury that Eastman has not been seen or heard from since the night of the alleged kidnapping.

*Missing Witness Argument*

Next, the Government argues counsel for Defendants "reference[d] during the final pretrial conference the possibility of making a 'missing witness argument.' " (Doc. 330, pg. 5). The Government then discusses why Defendants are not entitled to such an

6

argument or jury instruction. (Doc. 330, pgs. 5-7). If counsel for Defendants makes such an argument in opening statements, by inference on cross-examination, or in closing argument, then the Government argues it must be allowed to introduce evidence that Eastman has not been seen or heard from by any family member or law enforcement since he was shot on the Ring Doorbell video at 8:44 p.m. on August 13, 2020. (Doc. 330, pg. 7).

In response, Defendants state they "do[] not plan to make a 'missing witness argument' to the jury[,] as discussed during this Court's October 12, 2022[,] final pretrial conference." (Doc. 332, pg. 7). Defendants emphasize that they will not present such an argument during opening statements, closing arguments, or cross-examination. (Doc. 332, pg. 7). As such, Defendants argue the point is moot. (Doc. 332, pg. 7).

In light of Defendants' representations, the Court **GRANTS** the Motion to the extent that Defendants may seek to make a missing witness argument. Accordingly, the Defendants are barred from expressly or implicitly introducing evidence or making the argument in the presence of the jury that Eastman is a missing witness. However, as discussed above, the Government is precluded from introducing evidence that Eastman has not been seen or heard from by any family member or law enforcement since the events of August 13, 2020. (Doc. 330, pg. 7).

**SO ORDERED.**

Dated: November 2, 2022

s/ *David W. Dugan*<br>DAVID W. DUGAN<br>United States District Judge